# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| PAUL STOTLER, JR., | Law No.:_____ |
| Plaintiff, | |
| | (Polk County Case No. CL119374) |
| v. | |
| DELAVAN, INC., | NOTICE OF REMOVAL |
| Defendants | |

COMES NOW Defendant Delavan, Inc. ("Delavan"), pursuant to 28 U.S.C. § 1446, and hereby provides notice of removal of the above-captioned case, *Paul Stotler, Jr. v. Delavan, Inc.*, now pending in the Iowa District Court for Polk County, Case No. CL119374 (the "Action"), to the United States District Court for the Southern District of Iowa, Central Division.  In support of this Notice, Delevan states as follows:

1.      Plaintiffs commenced the Action by filing a Petition of Law (the "Petition") on August 23, 2010, in the Iowa District Court for Polk County, and the case was docketed at 05771 LACL 119374.  An Amended Petition was filed on October 15, 2010 and Delevan answered on December 10, 2010.

2.      On or about December 27, 2010 Defendant was served with Plaintiff's Application for Leave to Amend to file a Second Amended and Substituted Petition.  The Second Amended and Substituted Petition alleges a cause of action under 29 U.S.C. § 2601, et seq, for retaliation based upon Plaintiff's request for Family Medical Leave under the FMLA.

3.      On January 24, 2011, the Iowa District Court granted Plaintiff's Motion to Amend, resulting in the addition of a federal statutory claim to this matter.

4.      True and correct copies of all documents filed in the Iowa District Court are attached hereto, including:

      a.      Petition (Exhibit A);

      b.      Jury Demand (Exhibit B);

      c.      Amended Petition (Exhibit C);

      d.      Amended Jury demand (Exhibit D);

      e.      Delevan's Answer to the Amended Petition (Exhibit E);

      f.      Plaintiff's Application for Leave to File Second Amended Petition and Second Amended and Substituted Petition (Exhibit F);

      g.      Order for Trial Scheduling Conference (Exhibit G);

      h.      Delevan's Response to Plaintiff's Application for Leave to File Second Amended Petition (Exhibit H); and

      i.      Court's Order Granting the Application for Leave to File Second Amended Petition and ordering that it be filed (Exhibit I).

5.      Based upon the inclusion of a claim based upon 29 U.S.C. § 2601, et seq in the Second Amended Petition, federal question jurisdiction now exists by virtue of 28 U.S.C. §§ 1331 and 1343(a)(4) over Count II.  Removal of Count I, asserting a claim under the Iowa Civil Rights Act is proper pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367.

6.      This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after the Court granted the Plaintiff leave to file the Second Amended Petition, giving rise to the federal question jurisdiction.

7.      Written notice of the filing of this Notice of Removal will be promptly given to Plaintiffs and filed in the State Court Action as required by 28 U.S.C. § 1446(d).  A copy of said Notice of Filing of Notice of Removal in the State Court is attached hereto as Exhibit J.

8.      Delevan has filed its Certificate as required by Local Rule 81(a) contemporaneously with this notice.

9.      By filing of this Notice of Removal, Delavan does not waive any defenses that may be available, including but not limited to defenses based on lack of personal jurisdiction, improper service of process and venue in this Court or in the court from which the Action was removed.

WHEREFORE, Defendant Delavan, Inc. hereby removes the above captioned action, now pending in the Iowa District Court for Polk County, to the United States District Court for the Southern District of Iowa, Central Division.

Respectfully submitted,

By    /s/ Jaki K. Samuelson
         Jaki K. Samuelson      AT0006940

By    /s/ Jennifer L. Smith
         Jennifer L. Smith      AT0010092

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-4195
Telephone:  (515) 288-6041
Fax:  (515) 246-1474
Email: samuelson@whitfieldlaw.com
          smith@whitfieldlaw.com

ATTORNEYS FOR DEFENDANT DELAVAN,
INC.

**Original Filed.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document was served upon all parties to the above cause of action or to each of the attorneys of record herein at their respective addressees disclosed on the pleadings on January 25, 2011, as follows:

Tracy J. Van Steenburgh, Reg. No. 141173
NILAN JOHNSON LEWIS P.A.
400 One Financial Plaza
120 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (602) 305-7500

Fax: (612) 305-7501
Email: tvan@nilanjohnson.com

OF COUNSEL

Thomas Werner
1441 29th Street, Suite 111
West Des Moines, IA 50266

ATTORNEY FOR PLAINTIFF

By ____ /s/ *Jaki K. Samuelson* _____

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| PAUL STOTLER, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>GOODRICH TURBINE FUEL<br>TECHNOLOGY, INC.,<br><br>   Defendant. | No. CL 119374<br><br><br>**PETITON AT LAW** |

COMES NOW the Plaintiff, Paul Stotler, Jr., and for his Petition at Law against the above-named Defendant respectfully states to the Court as follows:

### INTRODUCTION

1.  This is an action brought under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216, alleging disability discrimination in employment.  In this suit, Plaintiff seeks the remedies of reinstatement to his prior job position with Defendant, as well as awards for past lost wages and benefits, future lost wages and benefits, compensatory damages, punitive damages, reasonable attorney fees, interest, and the costs of this suit.

### JURISDICTION

2.  The jurisdiction of this Court is invoked under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216.

### VENUE

3.  Venue is appropriate in this district under the Iowa Civil Rights Act since Defendant is doing business in Polk County, Iowa, and since the unlawful employment practices complained of herein were committed in West Des Moines, Polk County, Iowa.

IOWA DISTRICT COURT FOR

10 AUG 23 PM 4: 15

FILED

**EXHIBIT**

A

## PROCEDURAL PREREQUISITES

4. Pursuant to Iowa Code §216.15(12) (2009), Plaintiff filed timely charges of disability discrimination in employment with the Iowa Civil Rights Commission.

5. Plaintiff has complied with the procedural prerequisites regarding obtaining Right to Sue Releases from the Iowa Civil Rights Commission. Plaintiff's Right to Sue Letter from the Commission was issued on August 18, 2010.

## PARTIES

6. At all times material hereto, Plaintiff Paul Stotler, Jr., was a resident of Des Moines, Polk County, Iowa.

7. At all times material hereto, Defendant Goodrich Turbine Fuel Technology, Inc., was a foreign corporation that did business in West Des Moines, Polk County, Iowa.

8. At all times material hereto, Defendant Goodrich Turbine Fuel Technology, Inc., was Plaintiff Stotler's "employer".

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant in September 2005. At that time, he was hired as a "temporary employee". Shortly after beginning work for Defendant, and due to his good performance while a "temporary employee", Plaintiff was hired as a full-time employee of Defendant's business.

10. Plaintiff's job position with Defendant was that of a Braze Tech. He worked in the company's Thermal Department at its plant in West Des Moines, Iowa, and he worked on the second shift (3:30 p.m. to 12:00 midnight).

11. In year 2003, Plaintiff began suffering from right lower extremity/right knee pain, as well as low back pain. For the next few years, he treated with different physicians for those

2

conditions. On October 23, 2008, he began treating with Des Moines orthopedic physician Dr. David Vittetoe. Eventually, Dr. Vittetoe diagnosed Plaintiff's condition as consisting of right knee pain with mild osteoarthritis and patellar tendonitis.

12. Due to the severity of Plaintiff's condition, Dr. Vittetoe eventually scheduled him to undergo hip replacement surgery. Plaintiff underwent that procedure at the Iowa Methodist Medical Center in Des Moines, Iowa, on March 4, 2009.

13. Due to the hip replacement surgery, Plaintiff necessitated an extensive leave from his employment with Defendant. As a result, he sought and was granted family medical leave from Defendant so as to cover his absences from work as he recuperated from the surgery described above.

14. After the surgical procedure of March 4, 2009, Dr. Vittetoe restricted Plaintiff from all work activities for many weeks. On May 19, 2009, Vittetoe relaxed Plaintiff's prior work restrictions and gave Plaintiff a return to work slip stating that he could return to his job with the restrictions of no lifting over 20 pounds, no squatting or kneeling activities, and he was to "avoid stairs and ladders". Dr. Vittetoe's slip also stated Plaintiff was not to stand or walk for periods exceeding one hour "at one time", and he was to sit or stand for at least ten minutes every hour. Finally, the slip also stated Plaintiff could "use walking device as needed for ambulation".

15. Upon receiving the restriction slip referred to in paragraph 14 above, Plaintiff delivered it to Defendant's Human Resources Department. At that time, he spoke with a representative of that department concerning his return to work with Defendant. A few days after that visit and conversation, Plaintiff was informed by Defendant's representative that he would not be allowed to return to work at that time under the restrictions imposed by Dr. Vittetoe.

16. In late May 2009 Plaintiff had another discussion with the representative of Defendant's Human Resources Department. In that discussion, Defendant's representative told Plaintiff that with his then-restrictions "You would be too dangerous" to return to work with Defendant.

17. On June 25, 2009, Dr. Vittetoe issued Plaintiff an updated return to work/restriction slip. That new slip modified Plaintiff's previous restrictions and stated that he could return to his employment with Defendant.

18. After receiving the modified return to work slip described in paragraph 17 above, Plaintiff provided that slip both to Defendant's disability insurer, The Reed Group, as well as to Defendant's Human Resources representative. A few days later, in late July 2009, he received a phone call from a claims representative of The Reed Group. That representative told Plaintiff that with his modified restrictions it was expected that he would immediately return to his job with Defendant, and that his disability benefits would terminate.

19. After receiving the phone call described in paragraph 18 above, Plaintiff again contacted Defendant's Human Resources representative about his return to his job with Defendant. That discussion took place on July 31, 2009, and in it Defendant's representative told Plaintiff that he was going to be terminated from his job position since he had not been provided with a full unrestricted release by his physician. In that discussion, the representative also told Plaintiff: "We only want healthy people working here".

20. Subsequent to the discussion referred to in paragraph 19 above, Plaintiff received a letter from Defendant dated July 31, 2009, informing him that he would be involuntarily terminated from Defendant's employ effective August 3, 2009.

## FIRST CLAIM – DISABILITY DISCRIMINATION IN EMPLOYMENT
## (IOWA CODE CHAPTER 216)

1. Plaintiff by reference incorporates herein paragraphs 1-20 of this Petition as if fully set forth herein.

2. The medical conditions previously described in paragraphs 11-13 above constitute a disability under the Iowa Civil Rights Act, real or perceived.

3. Defendant's actions in refusing to return Plaintiff to any form of employment despite the separate medical releases that Plaintiff received, as previously described, and instead discharging Plaintiff, were the result of Plaintiff's physical disability, real or perceived.

4. Defendant's actions in refusing to accommodate Plaintiff's medical restrictions, and refusing to return Plaintiff to his employment with Defendant, constituted a failure to offer Plaintiff a reasonable accommodation of his disability and was in violation of the provisions of the Iowa Civil Rights Act.

5. As a proximate result of Defendant's actions set out above, Plaintiff has sustained in the past lost wages, seniority, fringe benefits, and other benefits of his employment with Defendants. He has also sustained, and will sustain in the future, a loss of income and benefits, as well as mental pain, anguish, humiliation, embarrassment, and damage to his reputation.

6. Defendant's actions as described above were reckless, willful, wanton, and intentional, and justify an award of punitive damages in this suit.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on his behalf finding that Defendant violated the disability discrimination provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216; that the Court order Plaintiff be reinstated to his prior job position with Defendant; that Plaintiff be awarded damages representing all past lost wages and past lost benefits that he sustains through the date of trial in this case; that Plaintiff be awarded any

damages representing those future lost wages and benefits that he is likely to incur beyond the

trial date herein; that Plaintiff be awarded compensatory damages in the amount of no less than

Thirty-five Thousand Dollars ($35,000.00) for the emotional pain, distress, embarrassment,

humiliation, and damage to reputation he has sustained in the past, and will continue to sustain in

the future, as a result of the actions complained of; that Plaintiff be awarded reasonable attorney

fees under Chapter 216; and that Plaintiff be awarded interest as provided by law, the costs of

this suit, and whatever further relief the Court deems appropriate.

Respectfully submitted,

Thomas M. Werner
1441 – 29th Street, Suite 111
West Des Moines, Iowa 50266
Telephone:  (515) 225-9300
Facsimile:  (515) 224-6737
E-mail:  twerner777@yahoo.com
ATTORNEY FOR PLAINTIFF

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| PAUL STOTLER, JR.,<br><br>    Plaintiff,<br><br>      v.<br><br>GOODRICH TURBINE FUEL<br>TECHNOLOGY, INC.,<br><br>    Defendant. | No. _CL119374_<br><br><br>**JURY DEMAND** |

COMES NOW the above Plaintiff, Paul Stotler, Jr., and hereby demands a jury trial on all issues raised in this suit.

Respectfully submitted,

Thomas M. Werner
1441 – 29th Street, Suite 111
West Des Moines, Iowa 50266
Telephone: (515) 225-9300
Facsimile: (515) 224-6737
E-mail: twerner777@yahoo.com
ATTORNEY FOR PLAINTIFF

CLERK DISTRICT COURT

10 AUG 23 PM 4: 15

FILED

**EXHIBIT**

B

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| PAUL STOTLER, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>DELAVAN, INC.,<br><br>    Defendant. | No. CL119374<br><br><br>**AMENDED<br>PETITON AT LAW** |

COMES NOW the Plaintiff, Paul Stotler, Jr., and for his Amended Petition at Law against the above-named Defendant respectfully states to the Court as follows:

### INTRODUCTION

1. This is an action brought under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216, alleging disability discrimination in employment. In this suit, Plaintiff seeks the remedies of reinstatement to his prior job position with Defendant, as well as awards for past lost wages and benefits, future lost wages and benefits, compensatory damages, punitive damages, reasonable attorney fees, interest, and the costs of this suit.

### JURISDICTION

2. The jurisdiction of this Court is invoked under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216.

### VENUE

3. Venue is appropriate in this district under the Iowa Civil Rights Act since Defendant is doing business in Polk County, Iowa, and since the unlawful employment practices complained of herein were committed in West Des Moines, Polk County, Iowa.



EXHIBIT

## PROCEDURAL PREREQUISITES

4.  Pursuant to Iowa Code §216.15(12) (2009), Plaintiff filed timely charges of disability discrimination in employment with the Iowa Civil Rights Commission.

5.  Plaintiff has complied with the procedural prerequisites regarding obtaining Right to Sue Releases from the Iowa Civil Rights Commission. Plaintiff's Right to Sue Letter from the Commission was issued on August 18, 2010.

## PARTIES

6.  At all times material hereto, Plaintiff Paul Stotler, Jr., was a resident of Des Moines, Polk County, Iowa.

7.  At all times material hereto, Defendant Delavan, Inc., was a foreign corporation that did business in West Des Moines, Polk County, Iowa.

8.  At all times material hereto, Defendant Delavan, Inc., was Plaintiff Stotler's "employer".

## FACTUAL BACKGROUND

9.  Plaintiff was hired by Defendant in September 2005. At that time, he was hired as a "temporary employee". Shortly after beginning work for Defendant, and due to his good performance while a "temporary employee", Plaintiff was hired as a full-time employee of Defendant's business.

10. Plaintiff's job position with Defendant was that of a Braze Tech. He worked in the company's Thermal Department at its plant in West Des Moines, Iowa, and he worked on the second shift (3:30 p.m. to 12:00 midnight).

11. In year 2003, Plaintiff began suffering from right lower extremity/right knee pain, as well as low back pain. For the next few years, he treated with different physicians for those conditions. On October 23, 2008, he began treating with Des Moines orthopedic physician

2

Dr. David Vittetoe. Eventually, Dr. Vittetoe diagnosed Plaintiff's condition as consisting of right knee pain with mild osteoarthritis and patellar tendonitis.

12. Due to the severity of Plaintiff's condition, Dr. Vittetoe eventually scheduled him to undergo hip replacement surgery. Plaintiff underwent that procedure at the Iowa Methodist Medical Center in Des Moines, Iowa, on March 4, 2009.

13. Due to the hip replacement surgery, Plaintiff necessitated an extensive leave from his employment with Defendant. As a result, he sought and was granted family medical leave from Defendant so as to cover his absences from work as he recuperated from the surgery described above.

14. After the surgical procedure of March 4, 2009, Dr. Vittetoe restricted Plaintiff from all work activities for many weeks. On May 19, 2009, Vittetoe relaxed Plaintiff's prior work restrictions and gave Plaintiff a return to work slip stating that he could return to his job with the restrictions of no lifting over 20 pounds, no squatting or kneeling activities, and he was to "avoid stairs and ladders". Dr. Vittetoe's slip also stated Plaintiff was not to stand or walk for periods exceeding one hour "at one time", and he was to sit or stand for at least ten minutes every hour. Finally, the slip also stated Plaintiff could "use walking device as needed for ambulation".

15. Upon receiving the restriction slip referred to in paragraph 14 above, Plaintiff delivered it to Defendant's Human Resources Department. At that time, he spoke with a representative of that department concerning his return to work with Defendant. A few days after that visit and conversation, Plaintiff was informed by Defendant's representative that he would not be allowed to return to work at that time under the restrictions imposed by Dr. Vittetoe.

3

16. In late May 2009 Plaintiff had another discussion with the representative of Defendant's Human Resources Department. In that discussion, Defendant's representative told Plaintiff that with his then-restrictions "You would be too dangerous" to return to work with Defendant.

17. On June 25, 2009, Dr. Vittetoe issued Plaintiff an updated return to work/restriction slip. That new slip modified Plaintiff's previous restrictions and stated that he could return to his employment with Defendant.

18. After receiving the modified return to work slip described in paragraph 17 above, Plaintiff provided that slip both to Defendant's disability insurer, The Reed Group, as well as to Defendant's Human Resources representative. A few days later, in late July 2009, he received a phone call from a claims representative of The Reed Group. That representative told Plaintiff that with his modified restrictions it was expected that he would immediately return to his job with Defendant, and that his disability benefits would terminate.

19. After receiving the phone call described in paragraph 18 above, Plaintiff again contacted Defendant's Human Resources representative about his return to his job with Defendant. That discussion took place on July 31, 2009, and in it Defendant's representative told Plaintiff that he was going to be terminated from his job position since he had not been provided with a full unrestricted release by his physician. In that discussion, the representative also told Plaintiff: "We only want healthy people working here".

20. Subsequent to the discussion referred to in paragraph 19 above, Plaintiff received a letter from Defendant dated July 31, 2009, informing him that he would be involuntarily terminated from Defendant's employ effective August 3, 2009.

## FIRST CLAIM – DISABILITY DISCRIMINATION IN EMPLOYMENT
### (IOWA CODE CHAPTER 216)

1. Plaintiff by reference incorporates herein paragraphs 1-20 of this Petition as if fully set forth herein.

2. The medical conditions previously described in paragraphs 11-13 above constitute a disability under the Iowa Civil Rights Act, real or perceived.

3. Defendant's actions in refusing to return Plaintiff to any form of employment despite the separate medical releases that Plaintiff received, as previously described, and instead discharging Plaintiff, were the result of Plaintiff's physical disability, real or perceived.

4. Defendant's actions in refusing to accommodate Plaintiff's medical restrictions, and refusing to return Plaintiff to his employment with Defendant, constituted a failure to offer Plaintiff a reasonable accommodation of his disability and was in violation of the provisions of the Iowa Civil Rights Act.

5. As a proximate result of Defendant's actions set out above, Plaintiff has sustained in the past lost wages, seniority, fringe benefits, and other benefits of his employment with Defendants. He has also sustained, and will sustain in the future, a loss of income and benefits, as well as mental pain, anguish, humiliation, embarrassment, and damage to his reputation.

6. Defendant's actions as described above were reckless, willful, wanton, and intentional, and justify an award of punitive damages in this suit.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on his behalf finding that Defendant violated the disability discrimination provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216; that the Court order Plaintiff be reinstated to his prior job position with Defendant; that Plaintiff be awarded damages representing all past lost wages and past lost benefits that he sustains through the date of trial in this case; that Plaintiff be awarded any

damages representing those future lost wages and benefits that he is likely to incur beyond the trial date herein; that Plaintiff be awarded compensatory damages in the amount of no less than Thirty-five Thousand Dollars ($35,000.00) for the emotional pain, distress, embarrassment, humiliation, and damage to reputation he has sustained in the past, and will continue to sustain in the future, as a result of the actions complained of; that Plaintiff be awarded reasonable attorney fees under Chapter 216; and that Plaintiff be awarded interest as provided by law, the costs of this suit, and whatever further relief the Court deems appropriate.

Respectfully submitted,

Thomas M. Werner
1441 – 29th Street, Suite 111
West Des Moines, Iowa 50266
Telephone: (515) 225-9300
Facsimile: (515) 224-6737
E-mail: twerner777@yahoo.com
ATTORNEY FOR PLAINTIFF

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| PAUL STOTLER, JR.,<br><br>    Plaintiff,<br><br>        v.<br><br>DELAVAN, INC.,<br><br>    Defendant. | No. CL119374<br><br><br>**AMENDED<br>JURY DEMAND** |

COMES NOW the above Plaintiff, Paul Stotler, Jr., and hereby demands a jury trial on all issues raised in this suit.

Respectfully submitted,

Thomas M. Werner
1441 – 29th Street, Suite 111
West Des Moines, Iowa 50266
Telephone:  (515) 225-9300
Facsimile:  (515) 224-6737
E-mail:  twerner777@yahoo.com
ATTORNEY FOR PLAINTIFF



EXHIBIT
D

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| PAUL STOTLER, JR., | ) | Case No. CL-119374 |
| Plaintiff, | ) | |
| v. | ) | ANSWER TO AMENDED |
| | ) | PETITION AT LAW |
| DELAVAN, INC., | ) | |
| Defendant. | ) | |

Defendant Delavan, Inc. states the following in answer to the Amended Petition in the above-captioned action. Unless otherwise expressly admitted, Defendant denies each and every allegation contained in the Amended Petition.

## INTRODUCTION

1.     As it relates to Paragraph 1 of the Amended Petition, Defendant admits that Plaintiff seeks relief under the Iowa Civil Rights Act, but denies that Defendant engaged in any unlawful practices under the statute. Defendant further denies that Plaintiff is entitled to any relief under the statute and denies all other allegations contained in Paragraph 1 of the Amended Petition.

## JURISDICTION

2.     Defendant admits the allegations in Paragraph 2 of the Amended Petition.

## VENUE

3.     As it relates to Paragraph 3 of the Amended Petition, Defendant admits that venue is proper but denies that Defendant engaged in any unlawful employment practices.



1

## PROCEDURAL PREREQUISITES

4.     As it relates to Paragraph 4 of the Amended Petition, Defendant admits that Plaintiff filed a Petition with the Iowa Civil Rights Commission against Goodrich Turbine Fuel Technology—not Defendant.  The remaining allegations in Paragraph 4 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

5.     As it relates to Paragraph 5 of the Amended Petition, Defendant admits that the Iowa Civil Rights Commission issued Plaintiff a Notice of Right to Sue relating to his Petition against Goodrich Turbine Fuel Technology on August 18, 2010.  The remaining allegations in Paragraph 5 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

## PARTIES

6.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 of the Amended Petition.

7.     Defendant admits the allegations in Paragraph 7 of the Amended Petition.

8.     Paragraph 8 of the Amended Petition states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that it was Plaintiff's employer as defined by Iowa Code Annotated § 216.2.

## FACTUAL BACKGROUND

9.     Defendant admits that it hired Plaintiff in 2005 and that Plaintiff worked for Defendant as a full-time employee, but denies the remaining allegations of Paragraph 9 of the Amended Petition.

10.     Defendant admits the allegations in Paragraph 10 of the Amended Petition.

11.    Defendant admits that Dr. David Vittetoe treated Plaintiff on October 23, 2008 and diagnosed Plaintiff as having right knee pain with mild osteoarthritis and patellar tendonitis. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Amended Petition.

12.    Defendant admits that Plaintiff underwent a hip replacement surgery on March 4, 2009 at the Iowa Methodist Medical Center in Des Moines, Iowa but denies the remaining allegations in Paragraph 12 of the Amended Petition.

13.    Defendant admits the allegations in Paragraph 13 of the Amended Petition and affirmatively states that it provided Plaintiff twelve weeks of leave as provided under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611 *et seq.*

14.    Defendant admits the allegations in Paragraph 14 of the Amended Petition and affirmatively states that the Patient Status Report that Dr. Vittetoe completed on May 19, 2009 indicated that the work restrictions applied from May 26, 2009 to June 25, 2009.

15.    Defendant admits the allegations in Paragraph 15 of the Amended Petition.

16.    As it relates to Paragraph 16 of the Amended Petition, Defendant admits that Plaintiff communicated with Defendant's human resource representative, but denies the remaining allegations of in Paragraph 16 of the Amended Petition.

17.    Defendant admits that Dr. Vittetoe completed a Medical/Clinical Information Update form on June 25, 2009. Defendant affirmatively states that the June 25, 2009 form does not include work restrictions identified in the May 19, 2009 Patient Status Report and indicates that Plaintiff could return to work on May 26, 2009 but still could not perform certain job functions.

18.   As it relates to the allegations in Paragraph 18 of the Amended Petition, Defendant admits that The Reed Group contacted Plaintiff on July 31, 2009 to advise him that Defendant could provide work within his medical restrictions.  Defendant further admits that The Reed Group informed Plaintiff that his short-term disability leave benefits would exhaust on August 28, 2009.  Defendant denies the remaining allegations in Paragraph 18 of the Amended Petition.

19.   Defendant denies the allegations in Paragraph 19 of the Amended Petition.

20.   Defendant admits that it sent Plaintiff a letter dated July 31, 2009, informing him that he would be involuntarily terminated effective August 3, 2009, but denies the remaining allegations in Paragraph 20 of the Amended Petition.

## FIRST CLAIM – DISABILITY DISCRIMINATION IN EMPLOYMENT (IOWA CODE CHAPTER 216)

1.   In response to Paragraph 1 of Plaintiff's First Claim Section of the Amended Petition, Defendant repleads its Answers to Paragraphs 1-20 of the Amended Petition and incorporates them herein as if set forth in full.

2.   Defendant denies the allegations in Paragraph 2 under the First Claim Section of the Amended Petition.

3.   Defendant denies the allegations in Paragraph 3 under the First Claim Section of the Amended Petition.

4.   Defendant denies the allegations in Paragraph 4 under the First Claim Section of the Amended Petition.

5.   Defendant denies the allegations in Paragraph 5 under the First Claim Section of the Amended Petition.

6. Defendant denies the allegations in Paragraph 6 under the First Claim Section of the Amended Petition.

7. Defendant denies that Plaintiff is entitled to any relief sought under the Iowa Civil Rights Act.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to the Amended Petition. Defendant reserves the right to supplement its Answer with additional defenses.

1. The Amended Petition fails to state a claim upon which relief may be granted.

2. Plaintiff may have failed to exhaust his administrative remedies.

3. Defendant's conduct as alleged in the Amended Petition was neither discriminatory, retaliatory, nor unlawful.

4. Plaintiff did not have a disability.

5. Even if Plaintiff had a disability, which Defendant denies, Defendant reasonably accommodated Plaintiff.

6. Defendant had legitimate, nondiscriminatory, job-related reasons for all of its actions alleged in the Amended Petition.

7. Plaintiff cannot prove that Defendant's legitimate, non-discriminatory reasons for its actions constituted a pretext to conceal unlawful discrimination or retaliation, or that Defendant intentionally discriminated or retaliated against him.

8. Plaintiff committed acts that constitute sufficient and independent reasons for termination.

9. Plaintiff was employed under an at-will relationship and thus could be terminated at any time and for any reason.

10.    Defendant acted at all times in good faith, without discriminatory intent, and in accordance with all applicable local, state and federal laws, statutes, ordinances, and regulations.

11.    Plaintiff unreasonably failed to take advantage of preventive and/or corrective opportunities provided or to otherwise avoid any alleged harm.

12.    Defendant exercised reasonable care to prevent/correct any alleged discrimination.

13.    Plaintiff has not suffered any damages for which he is entitled to relief.

14.    Plaintiff may have failed to mitigate any alleged damages, his entitlement to which is expressly denied.

15.    Any and all damages allegedly sustained by Plaintiff are the direct and proximate result of his own conduct and performance, or conduct of third parties over whom Defendant has no control.

16.    Punitive damages are not available under the Iowa Civil Rights Act.

17.    An award of reinstatement or front pay would be inequitable.

18.    Defendant reserves the right to assert any additional affirmative defenses, as they may become available or apparent during the course of this litigation.

## DEFENDANT'S REQUEST FOR RELIEF

WHEREFORE, Defendant requests that the Court dismiss this action with prejudice and deny all relief sought in the Amended Petition; award Defendant its reasonable attorney's fees, interest, costs, and expenses incurred in defending this action; and award Defendant such other relief as the Court deems just and proper.

By   _Jaki K. Se_____

Jaki K. Samuelson       AT0006940
WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-4195
Telephone:  (515) 288-6041
Fax:  (515) 246-1474
Email: samuelson@whitfieldlaw.com

ATTORNEY FOR DEFENDANTS

Tracy J. Van Steenburgh     Reg. No. 141173
NILAN JOHNSON LEWIS P.A.
400 One Financial Plaza
120 South Sixth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 305-7500
Facsimile:  (612) 305-7501
Email:  tvan@nilanjohnson.com

OF COUNSEL

Copy to:

Thomas M. Werner
1441 – 29th Street, Suite 111
West Des Moines, IA 50266

ATTORNEY FOR PLAINTIFF

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on December 10, 2010.

By: ☑ U. S. Mail      ☐ FAX
     ☐ Hand Delivered    ☐ Overnight Courier
     ☐ Certified Mail     ☐ Other: _____

Signature: _Julie R. McCain_

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| PAUL STOTLER, JR., <br><br> Plaintiff, <br><br> v. <br><br> DELAVAN, INC., <br><br> Defendant. | No. CL119374 <br><br><br> **PLAINTIFF'S APPLICATION FOR LEAVE TO AMEND PETITION** |

 COMES NOW the Plaintiff, by and through his undersigned attorney, and for his Application for Leave to Amend the Amended Petition herein states to the Court as follows:

1. That Plaintiff's Amended Petition, as it presently exists, asserts a single claim for disability discrimination in violation of the Iowa Civil Rights Act.

2. That as seen by Plaintiff's Amended Petition his action arises out of his discharge from Defendant's employ at its West Des Moines facility on August 3, 2009.

3. That Plaintiff now desires to amend his action so as to include an additional claim alleging a violation of the Family and Medical Leave Act, 29 U.S.C. §601 et. seq.

4. That the addition of the FMLA claim will not materially change the issues heretofore raised in this case. And, since no trial date has yet been scheduled in this case, and since discovery between the parties is not approaching any deadline, no prejudice will result to Defendant if Plaintiff is allowed leave of Court to amend his previously-filed Amended Petition.

5. That Plaintiff is still well within the statute of limitations to file the proposed FMLA claim. As such, an Order allowing Plaintiff to amend his suit to include the proposed FMLA claim would promote judicial economy since Plaintiff would otherwise be forced to file an entirely new action raising said claim.



EXHIBIT

F

DEC 2 7 2010

6. In addition, Plaintiff seeks to amend his previously filed First Claim alleging a violation of the Iowa Civil Rights Act so as to seek an award of punitive damages pursuant to that Act.

7. The Iowa Rules of Civil Procedure provide that leave to amend should be freely granted when justice so requires.

WHEREFORE, the undersigned attorney for Plaintiff respectfully requests the Court to enter an Order allowing Plaintiff leave to amend per the attached Second Amended and Substituted Petition.

Thomas M. Werner
1441 – 29th Street, Suite 111
West Des Moines, Iowa 50266
Telephone:  (515) 225-9300
Facsimile:  (515) 224-6737
E-mail:  twerner777@yahoo.com
ATTORNEY FOR PLAINTIFF

Copies to:

Jaki K. Samuelson
Whitfield & Eddy, P.C.
317 Sixth Avenue, Suite 1200
Des Moines, Iowa 50309-4195
Telephone:  (515) 288-6041
Facsimile:  (515) 246-1474
E-mail:  samuelson@whitfieldlaw.com
ATTORNEY FOR DEFENDANT

Tracy J. Van Steenburgh
Nilan, Johnson, Lewis, P.A.
400 One Financial Plaza
120 South Sixth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 305-7500
Facsimile:  (612) 305-7501
E-mail:  tvan@nilanjohnson.com
OF COUNSEL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon an attorney of record of each party to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at his/her respective address as disclosed by the pleadings of record herein, with postage fully paid, and by depositing said envelope in a United States Post office depository on the 22 day of _December_ 2010.

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| PAUL STOTLER, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>DELAVAN, INC.,<br><br>   Defendant. | No. CL119374<br><br><br>**PLAINTIFF'S SECOND AMENDED<br>AND SUBSTITUTED PETITION** |

COMES NOW the Plaintiff, Paul Stotler, Jr., and for his Second Amended and Substituted Petition against the above-named Defendant respectfully states to the Court as follows:

### INTRODUCTION

1. This is an action brought under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216, alleging disability discrimination in employment.  In this suit, Plaintiff seeks the remedies of reinstatement to his prior job position with Defendant, as well as awards for past lost wages and benefits, future lost wages and benefits, compensatory damages, punitive damages, reasonable attorney fees, interest, and the costs of this suit.

### JURISDICTION

2. The jurisdiction of this Court is invoked under the provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216.

### VENUE

3. Venue is appropriate in this district under the Iowa Civil Rights Act since Defendant is doing business in Polk County, Iowa, and since the unlawful employment practices complained of herein were committed in West Des Moines, Polk County, Iowa.

DEC 2 7 2010

## PROCEDURAL PREREQUISITES

4. Pursuant to Iowa Code §216.15(12) (2009), Plaintiff filed timely charges of disability discrimination in employment with the Iowa Civil Rights Commission.

5. Plaintiff has complied with the procedural prerequisites regarding obtaining Right to Sue Releases from the Iowa Civil Rights Commission.  Plaintiff's Right to Sue Letter from the Commission was issued on August 18, 2010.

## PARTIES

6. At all times material hereto, Plaintiff Paul Stotler, Jr., was a resident of Des Moines, Polk County, Iowa.

7. At all times material hereto, Defendant Delavan, Inc., was a foreign corporation that did business in West Des Moines, Polk County, Iowa.

8. At all times material hereto, Defendant Delavan, Inc., was Plaintiff Stotler's "employer".

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant in September 2005.  At that time, he was hired as a "temporary employee".  Shortly after beginning work for Defendant, and due to his good performance while a "temporary employee", Plaintiff was hired as a full-time employee of Defendant's business.

10. Plaintiff's job position with Defendant was that of a Braze Tech.  He worked in the company's Thermal Department at its plant in West Des Moines, Iowa, and he worked on the second shift (3:30 p.m. to 12:00 midnight).

11. In year 2003, Plaintiff began suffering from right lower extremity/right knee pain, as well as low back pain.  For the next few years, he treated with different physicians for those

conditions.  On October 23, 2008, he began treating with Des Moines orthopedic physician Dr. David Vittetoe.  Eventually, Dr. Vittetoe diagnosed Plaintiff's condition as consisting of right knee pain with mild osteoarthritis and patellar tendonitis.

12. Due to the severity of Plaintiff's condition, Dr. Vittetoe eventually scheduled him to undergo hip replacement surgery.  Plaintiff underwent that procedure at the Iowa Methodist Medical Center in Des Moines, Iowa, on March 4, 2009.

13. Due to the hip replacement surgery, Plaintiff necessitated an extensive leave from his employment with Defendant.  As a result, he sought and was granted family medical leave from Defendant so as to cover his absences from work as he recuperated from the surgery described above.

14. After the surgical procedure of March 4, 2009, Dr. Vittetoe restricted Plaintiff from all work activities for many weeks.  On May 19, 2009, Vittetoe relaxed Plaintiff's prior work restrictions and gave Plaintiff a return to work slip stating that he could return to his job with the restrictions of no lifting over 20 pounds, no squatting or kneeling activities, and he was to "avoid stairs and ladders".  Dr. Vittetoe's slip also stated Plaintiff was not to stand or walk for periods exceeding one hour "at one time", and he was to sit or stand for at least ten minutes every hour.  Finally, the slip also stated Plaintiff could "use walking device as needed for ambulation".

15. Upon receiving the restriction slip referred to in paragraph 14 above, Plaintiff delivered it to Defendant's Human Resources Department.  At that time, he spoke with a representative of that department concerning his return to work with Defendant.  A few days after that visit and conversation, Plaintiff was informed by Defendant's representative that he would not be allowed to return to work at that time under the restrictions imposed by Dr. Vittetoe.

16. In late May 2009 Plaintiff had another discussion with the representative of Defendant's Human Resources Department.  In that discussion, Defendant's representative told Plaintiff that with his then-restrictions "You would be too dangerous" to return to work with Defendant.

17. On June 25, 2009, Dr. Vittetoe issued Plaintiff an updated return to work/restriction slip. That new slip modified Plaintiff's previous restrictions and stated that he could return to his employment with Defendant.

18. After receiving the modified return to work slip described in paragraph 17 above, Plaintiff provided that slip both to Defendant's disability insurer, The Reed Group, as well as to Defendant's Human Resources representative.  A few days later, in late July 2009, he received a phone call from a claims representative of The Reed Group.  That representative told Plaintiff that with his modified restrictions it was expected that he would immediately return to his job with Defendant, and that his disability benefits would terminate.

19. After receiving the phone call described in paragraph 18 above, Plaintiff again contacted Defendant's Human Resources representative about his return to his job with Defendant. That discussion took place on July 31, 2009, and in it Defendant's representative told Plaintiff that he was going to be terminated from his job position since he had not been provided with a full unrestricted release by his physician.  In that discussion, the representative also told Plaintiff: "We only want healthy people working here".

20. Subsequent to the discussion referred to in paragraph 19 above, Plaintiff received a letter from Defendant dated July 31, 2009, informing him that he would be involuntarily terminated from Defendant's employ effective August 3, 2009.

4

## FIRST CLAIM – DISABILITY DISCRIMINATION IN EMPLOYMENT
## (IOWA CODE CHAPTER 216)

1.  Plaintiff by reference incorporates herein paragraphs 1-20 of this Petition as if fully set forth herein.

2.  The medical conditions previously described in paragraphs 11-13 above constitute a disability under the Iowa Civil Rights Act, real or perceived.

3.  Defendant's actions in refusing to return Plaintiff to any form of employment despite the separate medical releases that Plaintiff received, as previously described, and instead discharging Plaintiff, were the result of Plaintiff's physical disability, real or perceived.

4.  Defendant's actions in refusing to accommodate Plaintiff's medical restrictions, and refusing to return Plaintiff to his employment with Defendant, constituted a failure to offer Plaintiff a reasonable accommodation of his disability and was in violation of the provisions of the Iowa Civil Rights Act.

5.  As a proximate result of Defendant's actions set out above, Plaintiff has sustained in the past lost wages, seniority, fringe benefits, and other benefits of his employment with Defendants. He has also sustained, and will sustain in the future, a loss of income and benefits, as well as mental pain, anguish, humiliation, embarrassment, and damage to his reputation.

6.  Defendant's actions as described above were reckless, willful, wanton, and intentional, and justify an award of punitive damages in this suit.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on his behalf finding that Defendant violated the disability discrimination provisions of the Iowa Civil Rights Act, Iowa Code Chapter 216; that the Court order Plaintiff be reinstated to his prior job position with Defendant; that Plaintiff be awarded damages representing all past lost wages and past lost benefits that he sustains through the date of trial in this case; that Plaintiff be awarded any

damages representing those future lost wages and benefits that he is likely to incur beyond the trial date herein; that Plaintiff be awarded compensatory damages in the amount of no less than Thirty-five Thousand Dollars ($35,000.00) for the emotional pain, distress, embarrassment, humiliation, and damage to reputation he has sustained in the past, and will continue to sustain in the future, as a result of the actions complained of; that Plaintiff be awarded no less than One Hundred Thousand Dollars ($100,000.00) in punitive damages on this claim; that Plaintiff be awarded reasonable attorney fees under Chapter 216; and that Plaintiff be awarded interest as provided by law, the costs of this suit, and whatever further relief the Court deems appropriate.

## SECOND CLAIM – FMLA CLAIM

1. Plaintiff alleges and realleges paragraphs 1-20 of this Second Amended and Substituted Petition as if fully set forth herein.

2. Plaintiff's medical condition as previously described constituted a "serious health condition" under the terms of the Family and Medical Leave Act. As such, Plaintiff's status is that of an "eligible" employee under the FMLA.

3. Defendant's actions in first refusing to permit Plaintiff to return to its employ, and then terminating him from Defendant's employment on August 3, 2009, were in retaliation for the fact that Plaintiff had previously exercised certain rights under the Family and Medical Leave Act.

4. Defendant's actions in first refusing to permit Plaintiff to return to its employ, and then terminating him from Defendant's employment on August 3, 2009, violated the provisions of the Family and Medical Leave Act, 29 U.S.C. §2611.

5. As a proximate result of Defendant's actions set out above, Plaintiff has sustained in the past lost wages, seniority, fringe benefits, and other benefits of his employment with Defendants.

He has also sustained, and will sustain in the future, a loss of income and benefits, as well as mental pain, anguish, humiliation, embarrassment, and damage to his reputation.

6. The Defendant's actions complained of above were reckless, willful, malicious, and wanton, and justify an award of liquidated damages in this suit.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on his behalf, finding that Defendant has violated the Family and Medical Leave Act; that the Court order Plaintiff be reinstated to his prior job position with Defendant; that Plaintiff be awarded the relief of all back pay and lost benefits to which he is entitled; that he be awarded damages representing any future lost benefits and lost income which he is reasonably certain to incur beyond the trial date; that he be awarded the sum of no less than Thirty-five Thousand Dollars ($35,000.00) for emotional pain, distress, humiliation, and damage to his reputation; that he be awarded the sum of no less than Seventy-five Thousand Dollars ($75,000.00) in liquidated damages; that he be awarded his reasonable attorney fees pursuant to the Family and Medical Leave Act; and that Plaintiff be awarded interest as provided by law, the costs of this suit, and whatever relief the Court deems appropriate.

Thomas M. Werner
1441 – 29th Street, Suite 111
West Des Moines, Iowa 50266
Telephone:  (515) 225-9300
Facsimile:  (515) 224-6737
E-mail:  twerner777@yahoo.com
ATTORNEY FOR PLAINTIFF

Copies to:

Jaki K. Samuelson
Whitfield & Eddy, P.C.
317 Sixth Avenue, Suite 1200
Des Moines, Iowa 50309-4195
Telephone:  (515) 288-6041
Facsimile:  (515) 246-1474
E-mail:  samuelson@whitfieldlaw.com
ATTORNEY FOR DEFENDANT

Tracy J. Van Steenburgh
Nilan, Johnson, Lewis, P.A.
400 One Financial Plaza
120 South Sixth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 305-7500
Facsimile:  (612) 305-7501
E-mail:  tvan@nilanjohnson.com
OF COUNSEL

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon an attorney of record of each party to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at his/her respective address as disclosed by the pleadings of record herein, with postage fully paid, and by depositing said envelope in a United States Post office depository on the 2nd day of _December_ 2010.

FILED 01/03/2011 04:20PM
CLERK DISTRICT COURT
POLK COUNTY IOWA

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

PAUL STOTLER, JR.,
Plaintiff(s),

vs.

GOODRICH TURBINE FUEL TECHNOLOGY, INC.,
Defendant(s).

CASE NO.  LACL119374

**NOTICE OF CIVIL
TRIAL-SETTING CONFERENCE**
*(Use of this form is mandatory.)*

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that this case has been set for trial-setting conference on **January 18, 2011 at 1:30 P.M.\*** before **District Judge Donna L. Paulsen in Room 302 at Polk County Courthouse in 500 Mulberry Street, Des Moines, Iowa.**
This conference shall be held in person.
Attorneys for all parties appearing in the case shall participate at this conference.  A party shall participate in person if the party does not have an attorney.
At this trial-setting conference, every case shall be set for trial within the time periods provided by Chapter 23, Time Standards for Case Processing.
At the trial-setting conference, each party shall be prepared to discuss all matters contained in the Trial Scheduling Order, Iowa Court Rule 23.5—Form 2.
**In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, obtain a trial date from the court administrator that complies with the provisions of chapter 23 and complete the Trial Scheduling Order and submit it to the court/court administrator for entry prior to the date scheduled for the trial-setting conference.  Submit Trial Scheduling Order via email to: cristin.likens@iowacourts.gov.**
The trial date that is agreed upon at this conference shall be a firm date.  Continuances shall not be granted even if all parties agree unless for a crucial cause that could not have been foreseen.
The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

Dated this 3rd day of January, 2011.

_____
**GLENN E. PILLE, DISTRICT JUDGE**

Copies to:

Attorney Thomas M. Werner
1441 29th Street, Suite 111
West Des Moines, IA 50266
TWERNER777@YAHOO.COM

Attorney Jacqueline K. Samuelson
317 Sixth Avenue, Suite 1200
Des Moines, IA 50309-4110
samuelson@whitfieldlaw.com

\*This date shall be no later than 150 days after commencement of the action unless set sooner by special order on application of one or more parties.

EXHIBIT
G

IN THE IOWA DISTRICT COURT OF POLK COUNTY

|  |  |
|---|---|
| _____, <br> Plaintiff(s), <br><br> vs. <br><br><br><br> _____, <br> Defendant(s). | Case No. _____ <br><br> **TRIAL SCHEDULING ORDER** <br> *(Use of this form is mandatory.)* <br> REQUIRED INFORMATION: <br> Date Petition filed: _____ <br> Case type: Civil _____  Equity_____  PCR_____  Judicial <br> Review _____  Other _____ <br> Trial type: Jury _____  Non-Jury_____ <br> Expected trial length _____day(s) <br> The amount in controversy exceeds $10,000. <br>         Yes ____  No ____ |

**APPEARANCES:**

**Plaintiff(s)/Petitioner(s)** _____

_____

**Defendant(s)/Respondent(s)** _____

_____

**IT IS ORDERED:**

1.    **TRIAL.** Trial of this case is set for the _____ day of _____, 20____, at _____ __.m. in the District Court in the courthouse of the above-named county.

2.    **PRE-TRIAL CONFERENCE. (Check one)**
_____ A pre-trial conference shall be held on _____, at _____ . m. The conference may be held telephonically with prior approval of the court.
_____ A pre-trial conference shall be held upon request.

3.    **NEW PARTIES.** No new parties may be added later than 180 days before trial or _____.

4.    **TRANSCRIPTS AND RECORDS.** All required agency records or prior criminal transcripts shall be filed within 30 days of the date of this order or by _____.

5.    **PLEADINGS.** Pleadings shall be closed 60 days before trial or _____.

6.    **DISCOVERY.** All written discovery shall be served no later than 90 days before trial. All depositions shall be completed no later than 60 days before trial. Or, all discovery shall be completed by ____/____/_____.
_____ No discovery of electronically stored information is expected in this case.
_____ The parties have conferred about discovery of electronically stored information and reached agreement as set out in Exhibit A attached.

_____ The parties have conferred about discovery of electronically stored information and have been unable to reach agreement. A hearing is set ___/___/____ at _____ _.m. at the _____ County Courthouse, (Room _____) (Courtroom).

**7.    EXPERT WITNESSES.**

a.    A party who intends to call an expert witness, including rebuttal expert witnesses, shall certify to the Court and all other parties the expert's name, subject matter of expertise and qualifications, within the following time period, unless the Iowa Code requires an earlier designation date (*See, e.g.,* Iowa Code § 668.11):

(1)    Plaintiff: 210 days before trial or _____.

(2)    Defendant/Third-Party Plaintiff: 150 days before trial or _____.

(3)    Third-Party Defendant/Others/Rebuttal: 90 days before trial or _____.

b.    This section does not apply to Court appointed experts.

*(The deadlines listed in paragraphs five (5), six (6), and seven (7) may be amended, without further leave of court, by filing a Stipulated Amendment to Scheduling Order with the clerk listing the dates agreed upon and signed by all counsel and self-represented litigants. Such an Amendment shall not serve as a basis for a continuance of the trial date or affect the date for pre-trial submissions.)*

**8.    PRE-TRIAL SUBMISSIONS.**  At least <u>**seven (7) days before trial,**</u> counsel for the parties and self-represented litigants shall:

a.    File a **witness and exhibit list** with the clerk; serve a copy on opposing counsel and self-represented litigants and exchange exhibits. Rules governing exhibits and exhibit lists:

(1)    Plaintiff shall use numbers and Defendant shall use letters. Pre-trial exhibit lists shall identify each exhibit by letter or number and description. Exhibits shall be marked by counsel before trial.

(2)    Immediately before commencement of trial, the Court shall be provided with a bench copy, and the reporter with a second copy, of the final exhibit list, for use in recording the admission of evidence.

(3)    In non-jury cases, immediately before commencement of trial, the Court shall be provided with a bench copy of all exhibits identified on the exhibit lists.

(4)    Within (five) 5 days after the filing of an exhibit list, counsel and self-represented litigants shall file with the clerk, and serve on each party, any identification, authentication, and foundation objections to the exhibits listed; otherwise such objections shall be deemed **WAIVED** for trial purposes.

b.    File with the clerk, and deliver to the ___**XXX**___ Trial Judge _____ Court Administrator, **Motions In Limine**, with supporting legal authority.

c.    File with the clerk, and deliver to the ___**XXX**___ Trial Judge _____ Court Administrator, all **proposed jury instructions** in a form to be presented to the jury, including a statement of the case, the stock jury instruction numbers and verdict forms. (The Court shall be provided the instructions in written form and by either E-mail attachment; USB Thumb drive download; or on CD-ROM with MS Word compatible format.)

d.    Deliver to the ___**XXX**___ Trial Judge _____ Court Administrator and opposing counsel/self-represented litigants a concise **trial brief** addressing factual, legal and evidentiary issues, with citation to legal authorities.

9.      **MOTIONS.**  All motions including motions for summary judgment and except motions in limine, shall be filed with the clerk of court's office at least sixty (60) days before trial, with copies to the assigned judge.

10.      **SETTLEMENT CONFERENCE.  (Check one)**

_____      A settlement conference shall be held on _____, at _____ ____ m.  All parties with authority to settle must be present.

_____      A settlement conference may be held upon request.

*The parties are encouraged to consider alternative dispute resolution including private mediation or arbitration.*

11.      **SETTLEMENTS.**  The parties shall have the responsibility of immediately notifying the court administrator of settlement.

12.      **LATE SETTLEMENT FEES.**  Late settlement fees under Iowa Rule of Civil Procedure 1.909 are applicable.

13.      **CONTINUANCES.**  Continuances are discouraged and shall only be granted for good cause.  Motions to continue are governed by Iowa Rule of Civil Procedure 1.910.  In the event the trial date is continued, all time deadlines in this order and stipulated amendments shall remain in effect relative to the new trial date unless the court approves new deadlines.

14.      **NOTICE.  A failure to comply with any of the provisions of this order or an amendment to scheduling order may result in sanctions being imposed by the court pursuant to Iowa Rule of Civil Procedure 1.602(5) including limitation and exclusion of evidence and witnesses and payment of costs or attorney fees.  The original of this order shall be filed at the time the trial date is obtained.  The court shall resolve disputes regarding oral agreements on scheduling by reference to this scheduling order or any written amendments to this order.**

Dated this _____ day of _____, 20___ .


_____
**DONNA L. PAULSEN, DISTRICT JUDGE**
Fifth Judicial District of Iowa
Email: donna.paulsen@iowacourts.gov

**Approved (signed) by counsel/self-represented litigants:**

PLAINTIFF(S)                                                                        DEFENDANT(S)
(Include addresses and telephone numbers)                    (Include addresses and telephone numbers)


_____                    _____


_____                    _____


_____                    _____


Original filed with the Clerk of Court

**Copies to:** Case Coordinator **(hand delivered)** & counsel of record/self-represented litigants


**For questions regarding documents filed with the court in this case, please see www.judicial.state.ia.us/Online_Court_Services/Online_Docket_Record/ or call the Clerk's Office.**

**If you or your client requires the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your ADA Coordinator at (515) 286-3394. If you or your client is hearing impaired: call Relay Iowa TTY at 1-800-735-2942.**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| PAUL STOTLER, JR.,<br><br>     Plaintiff,<br><br>v.<br><br>DELAVAN, INC.,<br><br>     Defendants | Case No. CL119374<br><br>DEFENDANT'S REPLY TO<br>PLAINTIFF'S APPLICATION FOR<br>LEAVE TO AMEND |

COMES NOW the Defendant, Delavan, Inc., by and through the undersigned attorneys, and for its Reply to Plaintiff's Application for Leave to Amend their Petition and hereby states:

1.   Plaintiff's filed a Motion for Leave to Amend Petition on or about December 23, 2010.

2.   Defendants do not resist this motion.

Respectfully Submitted,

By _Jaki K. Samuelson_ (JLS)
    Jaki K. Samuelson AT0006940

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-4195
Telephone:  (515) 288-6041
Fax:  (515) 246-1474
Email: Samuelson@whitfieldlaw.com

ATTORNEYS FOR DEFENDANT
DELAVAN, INC.

OF COUNSEL
Tracy J. Van Steenburgh, Reg. No. 141173
NILAN JOHNSON LEWIS P.A.



EXHIBIT

A

400 One Financial Plaza
120 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (602) 305-7500
Fax:  (612) 305-7501
Email:  tvan@nilanjohnson.com

**Original Filed.**

**Copy to:**

Thomas Werner
1441 29th Street, Suite 111
West Des Moines, IA 50266
ATTORNEY FOR PLAINTIFF

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause or to
each of the attorneys of record herein at their respective
addresses disclosed on the pleadings on
_____, 2011.

By:  ☒ U. S. Mail          ☐ FAX
      ☐ Hand Delivered     ☐ Overnight Courier
      ☐ Certified Mail      ☒ Other: _email_

Signature: _Tara L. Smith_

FILED 01/21/2011 01:14PM
CLERK DISTRICT COURT
POLK COUNTY IOWA

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

**PAUL STOTLER, JR,**
Plaintiff,

vs.

**DELAVAN, INC.,**
Defendants.

**Case No. CL119374**

**ORDER GRANTING MOTION
TO AMEND PETITION**

On this 21st day of January, 2011, the Plaintiff's Application for Leave to Amend Petition came before the Court for consideration. The Court finds that the motion is not resisted the motion is timely and should be granted.

IT IS THE ORDER OF THE COURT that Plaintiff's Application for Leave to Amend Petition is GRANTED. The Amended Petition shall be deemed filed as of the date of this order.

**IT IS SO ORDERED** this 21st day of January, 2011.


**DONNA L. PAULSEN, JUDGE**
Fifth Judicial District of Iowa

**Original filed.**
**Copies to:**
Jaki Samuelson
317 6th Ave, Ste 1200
Des Moines, IA 50309
**ATTY FOR DEFT**

Thomas Werner
1441 29th St, Ste 111
West Des Moines, IA 50266
**ATTY FOR PLAINTIFF**



EXHIBIT
I

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| PAUL STOTLER, JR., | |
| Plaintiff, | Case No. CL119374 |
| v. | |
| DELAVAN, INC., | NOTICE OF FILING OF NOTICE OF REMOVAL |
| Defendants | |

TO THE CLERK OF THE ABOVE NAMED COURT:

PLEASE TAKE NOTICE, pursuant to 28 U.S.C. § 1446(d) and Iowa Rule of Civil Procedure 1.441(7), that Defendant Delevan, Inc. has removed this action to the United States District Court for the Southern District of Iowa.  A true and correct copy of the Notice of Removal is attached hereto.

Respectfully submitted,

By _____
      Jaki K. Samuelson          AT0006940

By _____
      Jennifer L. Smith          AT0010092

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA  50309-4195
Telephone:  (515) 288-6041
Fax:  (515) 246-1474
Email: samuelson@whitfieldlaw.com
           smith@whitfieldlaw.com

ATTORNEYS FOR DEFENDANT DELAVAN, INC.

EXHIBIT
J

Original Filed
Copies to:

Tracy J. Van Steenburgh, Reg. No. 141173
NILAN JOHNSON LEWIS P.A.
400 One Financial Plaza
120 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (602) 305-7500
Fax:  (612) 305-7501
Email:  tvan@nilanjohnson.com

OF COUNSEL

Thomas Werner
1441 29th Street, Suite 111
West Des Moines, IA 50266

ATTORNEY FOR PLAINTIFF

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause or to
each of the attorneys of record herein at their respective
addresses disclosed on the pleadings on
January 25 , 2011.

By: X U. S. Mail          ☐ FAX
    ☐ Hand Delivered      ☐ Overnight Courier
    ☐ Certified Mail      ☐ Other:

Signature: Julie R. McCain