IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PAUL STOTLER, JR.,<br><br>　　　Plaintiff,<br><br>vs.<br><br>DELAVAN, INC.,<br><br>　　　Defendant. | No. 4:11-cv-00036 – JEG<br><br>**ORDER ON CERTIFIED QUESTION<br>OF STATE LAW** |

　　　This matter now comes before the Court upon agreement of the parties and the Court that an important question of state law should be certified to the Iowa Supreme Court pursuant to Iowa Code § 684A.1, et. seq., and this Court's Local Rule 83.  The parties have been unable to agree on the specific language of the question, but have submitted proposals from which the Court will frame the question.

　　　The procedure under Chapter 684A provides a vehicle to resolve important questions of state law that will save time and resources and provide clarity for the ultimate resolution of the matter.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 76 (1997).  While a matter within the sound discretion of the District Court, see, e.g., Allstate Ins. Co. v. Steele, 74 F.3d 878, 881 (8th Cir. 1996), that discretion is easily exercised given the issue presented herein, to determine whether a disability discrimination claim based solely on the Iowa Civil Rights Act (ICRA), Iowa Code Chapter 216, would incorporate significant amendments to the federal Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., incorporated in the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), Pub. L. No. 110-325, 122 Stat. 3553 (2008).

## PARTIES AND COUNSEL

The Plaintiff in this action is Paul Stotler, Jr. Plaintiff is represented by Thomas M. Werner, Werner Law Office, 1441 29th Street, Suite 111, West Des Moines, Iowa 50266, telephone (515) 225-2888. Defendant is Delavan, Inc. Defendant is represented by Jaki K. Samuelson and Jennifer Lindsay Smith, Whitfield & Eddy PLC, 317 Sixth Avenue, Suite 1200, Des Moines, Iowa 50309-4110, telephone (515) 288-6041.

## PROCEDURAL BACKGROUND

This action was commenced in the Iowa District Court for Polk County on August 23, 2010, stating a cause of action under the ICRA for disability discrimination. On January 24, 2011, the Iowa District Court granted leave to amend the Petition to state a claim under the federal Family Medical Leave Act, 29 U.S.C. § 2601, et seq., which resulted in removal to this Court pursuant to the creation of federal jurisdiction. A subsequent motion for summary judgment was denied on April 25, 2012, and the matter was set for trial to commence on May 21, 2012.[1] The week before trial, the Court and counsel conferred regarding the significance of the

---

[1] In ruling on the motion for summary judgment, Senior Judge Harold D. Vietor, then assigned to this case, addressed the question now certified as follows:

> Based on the Iowa Supreme Court's consistent application of case law and administrative interpretations of federal discrimination statutes, see Fuller v. Iowa Dept. of Human Servs., 576 N.W.2d 324, 329 (Iowa 1998) (collecting cases), and considering that the ADAAA voided certain United States Supreme Court interpretations of the ADA, I conclude that the Iowa Supreme Court would apply the ADAAA revisions and the Equal Employment Opportunity Commission standards implementing them to Stotler's ICRA disability claim.

Ruling Den. Def.'s Mot. for Summ. J. at 3, April 25, 2012, ECF No. 27.

legal issues surrounding the application of the ADAAA, and concluded those issues should be resolved before proceeding with the trial.

## STATEMENT OF RELEVANT FACTS

Paul Stotler, Jr. worked for Delavan, Inc. from December 12, 2005, to August 3, 2009. He was employed as a Braze Tech, processing small parts for heat-treatment. This involved assembling parts, inspecting products, loading and unloading baskets of small parts into furnaces, and other functions. Stotler suffered several ailments commencing as early as 2003, including back, knee, and hip problems. On March 4, 2009, Stotler underwent right hip replacement surgery. He was placed on medical leave from March 4 to May 26, 2009, after which he remained employed until August 3, 2009. From May 26, 2009, to July 10, 2009, Stotler had been restricted by his physician that he could not lift over 20 pounds, could not squat or kneel, needed to avoid stairs and ladders, could not stand or walk for periods exceeding one hour at a time, needed to sit or stand at least 10 minutes per hour, and could use a walking device as needed. Delavan did not return Stotler to work during this period. Whether he could have returned to work with some accommodation is a matter of dispute. Stotler will testify, apparently over a denial, that a human resources officer at Delavan advised Stotler he "would be too dangerous to work" and "we only want healthy people working here." Delavan states it eliminated Stotler's position on July 10, 2009, but did not actually terminate his employment until August 3, 2009.

At issue on this certified question, Plaintiff made a claim under the ICRA for discrimination on the basis of his disability, real or perceived. Additionally, he seeks redress for claimed retaliation in violation of the Family Medical Leave Act.

**CERTIFIED QUESTION**

The Plaintiff herein makes no claim under the ADA or the ADAAA. However, it is undisputed in this case that Iowa courts have reviewed claims of discrimination due to disability under the ICRA by reference to the ADA, federal cases, and the federal regulations established by the Equal Employment Opportunity Commission (EEOC). Fuller v. Iowa Dep't of Human Servs., 576 N.W.2d 324, 329 (Iowa 1998). This would have included the narrow definition of what constitutes a disability that had been established by Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999), and Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184 (2002). The Congress responded to that body of law with the adoption of the ADAAA. The amendments were effective January 1, 2009, and therefore could be applicable to the circumstances of this case. The amendments provided broader rules of construction for defining disability. 42 U.S.C. § 12102(4). This subsequently resulted in new regulations published by the EEOC. 29 C.F.R. § 1630. These changes present a material departure from the legal structure previously embraced by the Iowa courts, and therefore persuade this Court to certify to the Iowa Supreme Court the following question:

> **In the absence of any applicable amendment to the Iowa Civil Rights Act (ICRA) regarding claims of disability discrimination, will the Iowa courts adopt the structure of the revised federal law enacted by Congress in the 2008 Americans with Disabilities Act Amendment Act (ADAAA), specifically 42 U.S.C. §§ 12101 and 12102, and federal regulations promulgated thereunder, when reviewing disability discrimination claims under the ICRA?**

**RECORD**

The Court attaches to this Order, as the record on certification, true and complete copies of Plaintiff's Amended Petition at Law (ECF No. 1, pp. 12-7), Defendant's Brief in Support of Motion for Summary Judgment (ECF No. 10-3), Plaintiff's Brief Supporting Resistance to Motion for Summary Judgment (ECF No. 15-4), Plaintiff's Trial Brief (ECF No. 29), and Defendant's Trial Brief (ECF No. 34).

**CLERK TO FORWARD UNDER SEAL**

The Clerk of this Court is directed to forward this Order on Certified Question of State Law to the Iowa Supreme Court under this Court's official seal, pursuant to Iowa Code § 684A.4.

**IT IS SO ORDERED**.

Dated this 30th day of May, 2012.

_____
JAMES E. GRITZNER, Chief Judge
U.S. DISTRICT COURT